1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**  *  **

FIRST OPTION MORTGAGE, LLC,           )
                                      )
                    Plaintiff,        )
                                      )        2:12-cv-00600-KJD -VCF
v.                                    )
                                      )        **O R D E R**
NIGEL TABBERT, *et al.,*              )
                                      )
                    Defendant.        )
_____)

10      Before the court is plaintiff First Option Mortgage, LLC's (hereinafter "First Option") Motion

11   For Expedited Discovery Plan.  (#1-7).   Defendant Prospect Mortgage Company (hereinafter

12   "Prospect") filed an Opposition (#20), and plaintiff First Option filed a Reply (#26).  After the deadline

13   to oppose the motion passed, defendant Nigel Tabbert filed a Joinder (#31) to defendant Prospect's

14   Opposition (#20).

15      Also before the court is defendant Prospect's Motion To Strike Plaintiff's Reply (#26).  (#32).

16   **A.      Background**

17      The plaintiff filed its complaint in the Eighth Judicial District Court, Clark County, Nevada, on

18   April 6, 2012, against defendants Tabbert and Prospect.  (#1-3).  On April 9, 2012, plaintiffs filed an

19   emergency motion for temporary restraining order and preliminary injunction on order shortening time.

20   (#1-4).  Plaintiff filed the instant motion for expedited discovery on April 9, 2012.  (#1-7).  The state

21   court judge scheduled a hearing on the motion for expedited discovery for April 17, 2012.  *Id.*

22   Defendants removed the action to this court on April 12, 2012, based on diversity of citizenship under

23   28 U.S.C. § 1332.  (#1).

24      On April 30, 2012, the court granted in part and denied in part plaintiff's motion for temporary

25   restraining order.  (#15).  The court set a hearing for the preliminary injunction for May 14, 2012.  *Id.*

26   In the court's order, it stated that "there is little evidence to suggest that PROSPECT agreed with

TABBERT to take Plaintiff's customer lists or loans in progress," and that "[a]t this early stage of the proceedings, the Court is not satisfied that Plaintiff is likely to prevail on its claims against PROSPECT." *Id.* The court further held that with regard to Tabbert, "it appears from the evidence adduced that he did violate the specific terms of his Confidentiality and Non-Solicitation Agreement. The timing and content of his e-mails belie his claim that it was done inadvertently and has not been used by him in any way." *Id.* The court granted the TRO with respect to Tabbert. *Id.*

Defendant Tabbert filed his answer to the complaint (#21) on May 1, 2012. Defendant First Option Mortgage filed a motion to dismiss on May 1, 2012. (#22). On May 8, 2012, plaintiff filed an emergency motion to continue the hearing on the motion for preliminary injunction. (#28). In the motion, plaintiff asks the court to move the hearing until after the court rules on the motion for expedited discovery (#1-7), because if the court permits expedited discovery, the plaintiff intends to use the discovery responses in support of the motion for preliminary injunction. *Id.* The court ordered defendants to respond to the motion by May 10, 2012. (#30). The motion is still pending before the court.

**B.      Expedited Discovery (#1-7)**

**1.      Relevant Law**

Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Upon a showing of good cause, the court may permit expedited discovery before the Rule 26(f) conference. *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1066 (C.D. Cal. 2009). "Good cause exists 'where the need for expedited discovery, in consideration for the administration of justice, outweighs the prejudice to the responding party." *Id.*

The court considers the following factors when determining whether to permit such discovery: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the

1   purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the

2   requests, and (5) how far in advance of the typical discovery process the request was made. *American*

3   *LegalNet, Inc.*, 673 F.Supp.2d at 1067.

4       **2.        Plaintiff's Argument**

5       In plaintiff's motion, it asserts that expedited discovery *prior* to the hearing on the preliminary

6   injunction is warranted, because "[t]he bulk of the evidence to support First Option's request for

7   injunctive relief as to unknown thefts is in the possession and control of [d]efendants." (#1-7). Plaintiff

8   also asserts that an order "requiring the parties to preserve evidence is appropriate." *Id.*  Plaintiff argues

9   that the defendants have taken steps to conceal their activities by using personal e-mail accounts, and

10  therefore, there is a "very real threat" that defendants might conceal evidence. *Id*

11      Plaintiff originally sought responses to its first set of interrogatories and requests for production

12  of documents. (#1-7).  The court notes that the discovery requests seek information from defendant

13  Tabbert *only.   Id.*  Tabbert did not file an opposition, and filed an untimely joinder to defendant

14  Prospect's opposition (#31).   In the plaintiff's reply in support of its motion, it seeks to take the

15  expedited deposition of defendant Tabbert and non-party Prospect Loan Officer Brian Hamman[1]. (#26).

16  Plaintiff argues that the expedited discovery will reveal that "Prospect's involvement is greater than it

17  argued before the [c]ourt at the [TRO] hearing." *Id.*  Prospect alleged during the hearing that it had no

18  knowledge of the actions of Tabbert, and that its employees even asked Tabbert if any clients came from

19  First Option. *Id.*  Plaintiff asserts that evidence in the form of e-mails demonstrates that *before* Tabbert

20  left First Option, Hamman and Tabbert were e-mailing each other, soliciting First Option's customers,

21  signing loans with First Option's customers, and working together to misappropriate First Option's trade

22  secrets, confidential information, and customers' information. *Id.*  Plaintiff asserts that if permitted to

23  conduct expedited discovery, plaintiff will be able to provide evidence in support of its motion for

24  _____

25      [1] In light of recently filed affidavits, during today's oral argument, plaintiff asked to depose Scott Moses in place of Brian Hamman.

26                                         3

preliminary injunction demonstrating that Prospect had knowledge of these occurrences. *Id.*

### a. "Good Cause"

Plaintiff asserts that there is "ample good cause for expedited discovery as Tabbert has already been found to be likely to have violated his confidentiality and non-solicitation obligations to First Option." (#1-7). Plaintiff asserts the it has satisfied the factors enumerated in *American LegalNet, Inc.*, 673 F.Supp.2d at 1067. First, a preliminary injunction motion is pending, and the discovery sought will "directly address Prospect's concocted defense and be useful to this [c]ourt for the preliminary injunction hearing." *Id.* Second, the breadth of discovery sought is narrow, plaintiff argues, as the requests are "limited by subject matter, parties involved, and temporal scope." *Id.* With regard to the time period, the plaintiff asserts that it limited its requests to documents dating from February 1, 2012, to the present, as this would "encompass the period in time when Tabbert made his misappropriations." *Id.*

Plaintiff asserts that the request for depositions "goes hand in hand with the above written discovery, as First Option is seeking information regarding Prospect's allegation that it had "no knowledge" of solicitations or pulling clients from First Option." *Id.* Third, plaintiff argues that the discovery will provide support for the motion for preliminary injunction. *Id.* Fourth, plaintiff asserts, the burden on the defendants to comply with the requests are minimal, as the discovery requests are narrowed, defendant Tabbert should have the information because the incidents were recent, and Prospect spent over a month investigating the claims and should be well prepared for discovery. *Id.*

### 3. Defendant Prospect's Argument

Defendant Prospect begins its argument by stating that since it is not the subject of either of the written discovery requests affixed to the plaintiff's motion, the court should not permit First Option to expand its discovery requests and propound discovery on Prospect. (#20). Defendant also argues that the motion should be denied, because the court already denied the plaintiff's motion for temporary restraining order with regard to Prospect, the requests are not properly targeted to preserve the *status*

*quo*, and plaintiff has not established that it will suffer irreparable harm if expedited discovery is not ordered. *Id.*

Defendant asserts that the plaintiff is attempting to obtain full blown merits discovery in advance of the proper meet and confer, and that this is unnecessary as the plaintiff has already informed the court that it did an internal audit and discovered that Tabbert had contacted twelve First Option customers. *Id.* Defendant then goes on to argue the merits of the preliminary injunction and the TRO, and asserts that the list Tabbert allegedly misappropriated contained "dead leads," is shared with third-party realtors, destroying any trade secret protection, and that the customers "chose to follow Mr. Tabbert, regardless of what company employed him." *Id.*

**a. No Good Cause Exists**

Defendant Prospect argues that no good cause exists to permit expedited discovery, because the discovery sought is excessively broad and the purpose the plaintiff proffers for the expedited discovery is merely a pretext for full merits discovery. *Id.* Defendant asserts that since plaintiff is alleging to be seeking the discovery to support the preliminary injunction, in circumstances such as these, "a court may properly deny a motion for expedited discovery where a plaintiff seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." *American Legal Net, Inc.,* 673 F.Supp.2d at 1069.

First, defendant asserts that the preliminary injunction motion will fail because plaintiff cannot demonstrate irreparable harm. *Id.* Second, defendant argues that the discovery requests are not narrowly tailored to obtain discovery to preserve the *status quo:* plaintiff alleges, and purported to present evidence supporting, that Tabbert misappropriated customers lists relating to twelve specific customers, yet now seeks "broad-based merits discovery that is clearly not for the limited purpose of supporting preliminary injunction hearing." *Id.* Defendant points to the following language contained in the discovery requests to support its argument that the requests are over broad and constitute merits discovery: "from any person that [d]efendant and contact with," "all notes...between [d]efendant and

5

any employee, representative, consultant, or agent of Prospect Mortgage, L.C.C.," and "all cell phone records" *Id.*

Third, defendant asserts that plaintiff's purported purpose is just a guise to obtain merits discovery. *Id.* Defendant also asserts that the burden on it is great, given the breadth of the requests, and that the court should not permit such discovery at this stage. *Id.*

### b. Preservation Order

Defendant asserts that a preservation order is not necessary, because plaintiff's "request is duplicative of the obligations already imposed on litigants, and is unnecessary because "litigants owe an 'uncompromising duty to preserve' what they know or reasonably should know will be relevant evidence in a pending lawsuit even though no formal discovery requests have been made and no order to preserve evidence has been entered."" *United Factory Furniture Corp. v. Alterwitz*, No. 2:12–cv–00059–KJD–VCF, 2012 WL 1155741, * (D.Nev. April 6, 2012). (#20). Thus, defendant is already under a duty to preserve and not destroy relevant evidence. *Id.*

### 4.    Discussion

As an initial matter, the court agrees with defendant Prospect that a preservation order is not necessary at this time. *Id.* With regard to the request for expedited discovery, the court finds that based on the factors enumerated in *American LegalNet, Inc.*, limited discovery is warranted. 673 F.Supp.2d at 1067. The plaintiff's motion for preliminary injunction is pending before this court. (#1-4). Although the court denied the motion for temporary restraining order (#15) with regard to defendant Prospect, the issue of defendant Prospect's knowledge of defendant Tabbert's actions is in dispute for purposes of the preliminary injunction.

Affidavits filed by employees of defendant Prospect acknowledge that they were aware that defendant Tabbert was "transitioning to Prospect Mortgage." Taking into account the type of information always required by employers from prospective employees, the court infers, for purposes of this discovery motion only, that these Prospect employees were aware that defendant Tabbert was

transitioning from First Option.  Representatives of defendant Prospect have sworn in affidavits that they were not aware that the customers defendant Tabbert was referring to them were First Option customers.  The affidavits do not dispute the fact established by other evidence that this transitioning and referral of customers to defendant Prospect occurred while defendant Tabbert was working for plaintiff First Option.  In light of the pending motion for preliminary injunction, the court finds that plaintiff is entitled to limited expedited discovery into events relating to defendant Tabbert's transition from plaintiff First Option to defendant Prospect, and, in particular, Prospect's complicity in Tabbert's conduct.  *American LegalNet, Inc.*, 673 F.Supp.2d at 1067.

As the court will limit the scope of the discovery requests, the second factor weighs in favor of permitting expedited discovery.  *Id.*  As previously stated, the purpose of requesting the expedited discovery is for plaintiff to explore evidence supporting its motion for preliminary injunction.  The discovery of this evidence will assist the court in ruling on the motion for preliminary injunction.  Therefore, the third factor weighs in favor of permitting limited expedited discovery.  *Id.*  Since the court is limiting the discovery requests, both temporally and in scope, the burden on defendant Tabbert to comply with the requests is low.  *Id.*  Defendant Prospect removed the action to this court on April 12, 2012. (#1).  Pursuant to Local Rule 26-1(d), the parties must conduct a Rule 26(f) conference within thirty (30) days after the first defendant answers or otherwise appears.  Within fourteen (14) days after the Rule 26(f) conference, the parties must file a stipulated discovery plan and scheduling order.  LR 26-1(d).  Here, the parties must hold their Rule 26(f) conference by May 12, 2012, and must file their stipulated discovery plan and scheduling order by May 26, 2012.  *Id.*  Thus, the court is permitting discovery to commence only a short period in advance of the time typical discovery would begin.  *American LegalNet, Inc.*, 673 F.Supp.2d at 1067.

***Defendant Prospect's motion to strike plaintiff's reply (#32) and plaintiff's oral motion to*** strike defendant Tabbert's joinder are denied.

Accordingly, and for good cause shown,

7

IT IS ORDERED that plaintiff First Option Mortgage, LLC's Motion For Expedited Discovery Plan (#1-7) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that on or before Wednesday, May 16, 2012, defendant. Tabbert shall produce information requested in Requests for Production 2, 3, 4 and 6, with the following modifications:

**Requests for Production No. 2:** Produce all notes of any phone calls, letters and correspondence, including e-mails between defendant Tabbert and Brian Hamman.

**Requests for Production No. 3**: Produce all notes of any phone calls, letters and correspondence, including emails, between defendant Tabbert and any employee, representative, consultant or agent of Prospect Mortgage from January 1, 2012 through February 21, 2012.

**Requests for Production No. 4:** Produce all cellphone records, Blackberry, other smart phone and/or pager records of defendant Tabbert from January 1, 2012 through February 21, 2012.

**Requests for Production No. 6:** Produce any documents, meeting notes, or minutes related to any meeting which defendant Tabbert attended with any employee, representative consultant or agent of Prospect from January 1, 2012 through February 21, 2012, where First Option or First Option's customers were discussed (whether or not defendant Tabbert characterized them as First Option customers).

IT IS FURTHER ORDERED that after document production is completed, and before May 18, 2012, plaintiff may conduct the depositions of defendant Tabbert and Scott Moses, each not to exceed two hours of examination by plaintiff and one hour by defendants.

IT IS FURTHER ORDERED that defendant Prospect's Motion To Strike Plaintiff's Reply (#32), and plaintiff's oral motion to strike defendant Tabbert's Joinder and request for a preservation . . .

order are DENIED.

        DATED this 11th day of May, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

9