UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FIRST OPTION MORTGAGE, LLC,  )
                   Plaintiff,  )
                                     )    2:12-cv-00600-KJD -VCF
v.                                       )
                                   )    **O R D E R**
NIGEL TABBERT, *et al.,*  )
                   Defendant.  )

Before the court is defendant Nifel Tabbert's Motion to Amend/Correct Answer to Complaint -Petition for Removal to Assert Counterclaim. (#44). On June 22, 2012[1], plaintiff First Option Mortgage (hereinafter "First Option") filed a Non-Opposition to the Motion. (#61).

**Background**

Plaintiff First Option filed its complaint in the Eighth Judicial District Court, Clark County, Nevada, on April 6, 2012, against defendants Tabbert and Prospect Mortgage Company, LLC (hereinafter "Prospect"). (#1-3). On April 9, 2012, First Option filed an emergency motion for temporary restraining order and preliminary injunction on order shortening time. (#1-4). Defendants removed the action to this court on April 12, 2012, based on diversity of citizenship under 28 U.S.C. § 1332. (#1). On April 30, 2012, the court granted in part and denied in part First Option's motion for temporary restraining order. (#15). Defendant Tabbert filed his answer to the complaint on May 1, 2012. (#21). On the same day, defendant Prospect filed a motion to dismiss. (#22). On May 21, 2012, defendant Tabbert filed the instant motion to amend/correct answer to complaint to assert a counterclaim. (#44). On June 22, 2012, plaintiff First Option filed a non-opposition. (#61).

---

[1] On June 8, 2012, the court signed the parties' stipulation for extension of time (#47), providing for a response deadline of June 15, 2012. (#48). On June 15, 2012, the parties filed another stipulation for extension, requesting a response deadline of June 22, 2012. (#54).

**Motion Amend/Correct Answer**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving it. A court should liberally grant leave to amend a pleading absent evidence that the amendment: (1) is the product of undue delay, dilatory motive, or bad faith; (2) will unduly prejudice the opposing party; or (3) is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 701 (9th Cir. 2011).

Defendant Tabbert filed his answer on May 1, 2012. (#21). Defendant Tabbert filed the instant motion to amend/correct answer on May 22, 2012. (#44). In the motion, defendant Tabbert asks this court to permit him to amend his answer to assert a counterclaim against plaintiff for "unpaid compensation and overtime and related penalties and damages under 29 U.S.C. 216(b)." *Id*. Defendant attached a proposed amended answer and counterclaim to the instant motion. (#44-1 Exhibit A).

The court finds that permitting defendant to amend his answer to assert a counterclaim is warranted. Defendant Tabbert is permitted to amend his answer "as a matter of course," since he filed the instant motion (#44) and the proposed amended answer (#44-1 Exhibit A) within 21 days after serving his answer. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff asserts that it does not oppose the granting of this motion pursuant to Rule 15(a)(1), and does not argue that the amendment is the result of undue delay or that it would cause any prejudice. (#61); *See Foman*, 371 U.S. at 182; *In re Korean Air Lines Co., Ltd.*, 642 F.3d at 701. Upon a review of the proposed amended answer (#44-1 Exhibit A), the court finds that the amendment is not futile. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Nifel Tabbert's Motion to Amend/Correct Answer to Complaint-Petition for Removal to Assert Counterclaim (#44) is GRANTED.

IT IS FURTHER ORDERED that defendant Tabbert shall file and serve his amended answer

and counterclaim (#44-1 Exhibit A)[2] within five (5) days from the entry of this order.  *See* Local Rule 15-1 (stating that "[a]fter the Court has filed its order granting permission to amend, the moving party shall file and serve the amended pleading.").

DATED this 27th day of June, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Defendant Tabbert's attached amended answer and counterclaim (#44-1 Exhibit A) was not signed by defendant's attorney, and the clerk is unable to file the document absent a signature.

3